UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ROBERT PIZARRO,<br><br>                  Plaintiff,<br><br>    -against-<br><br>UNITED STATES OF AMERICA,<br><br>                  Defendant.<br><br>UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    -against-<br><br>ROBERT PIZARRO,<br><br>                  Defendant. | 24-CV-2414 (AS)<br>17-CR-171 (AS)<br><br><u>ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

      Robert Pizarro's motion to alter or amend the Court's order denying his habeas petition pursuant to Federal Rule of Civil Procedure 59(e) is DENIED. "A Rule 59(e) motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Lorenzana v. United States*, 2013 WL 4400526, at *2 (S.D.N.Y. Aug. 15, 2013) (quoting *Tavarez v. United States*, 2005 WL 1500865, at *1 (S.D.N.Y. June 23, 2005)). Pizarro advances new arguments that could have been made at any time since trial, and he offers no explanation why they were excluded from his 28 U.S.C. § 2255 motion. His Rule 59(e) motion is denied for that reason alone.

      Moreover, the arguments that Pizarro advances are meritless. He maintains that the district court's instruction on the kidnapping charge was "defective" because the court should have instructed the jury that to find Pizarro guilty of kidnapping, the government had to prove that Pizarro kidnapped Bishun for reward or pecuniary gain. This argument has been "squarely rejected by the Second Circuit and the Supreme Court" and so can't serve as the basis for an ineffective-assistance claim. *See United States v. Torres*, 2021 WL 1947503, at *4 n.5 (S.D.N.Y. May 13, 2021) (first citing *United States v. Healy*, 376 U.S. 75, 81 (1964); and then citing *United States v. Cavallero*, 553 F.2d 300, 304 (2d Cir. 1977)).

      Pizarro also claims that the S4 indictment was constructively amended because the grand jury didn't agree to charge Pizarro with violations of 18 U.S.C. §§ 1201(a)(1) and 2 for kidnapping or 18 U.S.C. §§ 1512(a)(1)(C) and 2 for murder of a witness. But that is exactly what Pizarro was charged with in counts two and three of the S4 indictment, respectively. *See* Dkt. 82 (17cr151).

Finally, Pizarro says that by failing to object to this "defective" jury instruction and the indictment's constructive amendment, his trial counsel violated his Sixth Amendment right "to decide that the objective of the defense is to assert innocence." *See McCoy v. Louisiana*, 584 U.S. 414, 422 (2018); *United States v. Rosemond*, 958 F.3d 111, 120 (2d Cir. 2020) (noting that the Supreme Court held in *McCoy* that "a defendant in a criminal case has a 'protected autonomy right . . . to make fundamental choices about his own defense,' including whether to persist in maintaining his innocence even in the face of overwhelming evidence of his guilt" (quoting *McCoy*, 584 U.S. at 422)). But Pizarro's counsel did not concede his guilt by declining to raise these meritless arguments and so did not violate this right. *See Rosemond*, 958 F.3d at 122 (holding that counsel did not violate the protected-autonomy right because he "never conceded that [the defendant] was guilty of the charged crimes").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is hereby directed to terminate the motions at Dkt. 45 (24cv2414) and Dkt. 519 (17cr151) and send the parties appeal instructions.

SO ORDERED.

Dated: September 18, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge